Under advisement June 12, 2007, petition for review allowed, Court of Appeals decision vacated, and case remanded for further consideration March 6, 2008
See 221 Or App 116, 188 P3d 449 (2008)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

COLIN ALEXANDER SAUNDERS,
*Respondent on Review.*

(CC C010764CR, C013567CR;
CA A119606 (Control), A119607; SC S054822)

179 P3d 671

Douglas F. Zier, Assistant Attorney General, Salem, filed the petition for review for petitioner. With him on the petition were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No filing *contra.*

PER CURIAM

## PER CURIAM

The Court of Appeals held that the trial court should have suppressed all the statements that defendant made before the police advised him of his *Miranda* rights. *State v. Saunders*, 211 Or App 73, 83, 153 P3d 144 (2007). The Court of Appeals based its decision, in part, on *State v. Shaff*, 209 Or App 68, 146 P3d 389 (2006), which this court later reversed, *State v. Shaff*, 343 Or 639, 175 P3d 454 (2007). Relying on its decision in *Shaff*, the Court of Appeals reasoned that suppression was required because, at some point during the police interview, the circumstances became compelling within the meaning of Article I, section 12, of the Oregon Constitution and thus required *Miranda* warnings. *See Shaff*, 343 Or at 644-45 (explaining that *Miranda* warnings are required when circumstances become compelling).

The state has petitioned for review of the Court of Appeals decision. Having reversed the decision on which the Court of Appeals relied, we allow the state's petition for review, vacate the Court of Appeals decision, and remand this case to the Court of Appeals to determine whether, under this court's decision in *Shaff*, the circumstances in this case ever became compelling and, if so, when that occurred. If the Court of Appeals concludes that the circumstances became compelling at some point during the police encounter, only the statements that defendant made after that point should be suppressed. *See State v. Roble-Baker*, 340 Or 631, 643-44, 136 P3d 22 (2006) (suppressing only those statements made after the point at which the circumstances became compelling).

The petition for review is allowed, the Court of Appeals decision is vacated, and the case is remanded for further consideration.