Submitted September 17, affirmed November 13, 2014, petition for review denied January 15, 2015 (356 Or 685)

COLIN SAUNDERS,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10017870P; A149496

340 P3d 60

Erin Galli filed the opening brief for appellant. Colin Saunders filed the supplemental brief *pro se*.

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Ortega, Judge, and Garrett, Judge.

DEVORE, P. J.

### DEVORE, P. J.

Petitioner appeals a judgment denying post-conviction relief. We have recounted the facts in prior opinions, and need not repeat them here. We summarize the proceedings and affirm.

In the underlying criminal case, petitioner was convicted on multiple counts of first-degree rape, ORS 163.375, first-degree sodomy, ORS 163.405, and first-degree criminal mistreatment, ORS 163.205, involving three children. On direct appeal in the criminal case, petitioner challenged the trial court's denial of his motion to suppress evidence of statements he made to police while he was interviewed at his home and before he was advised of his rights against self-incrimination. Based on the record of a pretrial hearing and testimony at trial, this court initially reversed in part and remanded for a new trial, because the officers failed to give *Miranda* warnings in compelling circumstances as required by Article I, section 12, of the Oregon Constitution. *State v. Saunders*, 211 Or App 73, 153 P3d 144 (2007).

The Supreme Court vacated our initial decision and remanded the case for consideration in light of that court's recent decision in another case on the same legal issue. *State v. Saunders*, 344 Or 277, 179 P3d 671 (2008); *see State v. Shaff*, 343 Or 639, 175 P3d 454 (2007) (addressing the "compelling circumstances" that require *Miranda* warnings under the state constitution). Upon remand, this court confined its review to the testimony from the pretrial hearing, noting that "defendant did not renew his objection to the admission of the evidence at trial." *State v. Saunders*, 221 Or App 116, 118 n 1, 188 P3d 449, *rev den*, 345 Or 416 (2008). Given that testimony and the legal principles articulated in *Shaff*, we "conclude[ed] that confronting defendant with incriminating evidence did not make the circumstances compelling." *Id.* at 120. We concluded that the trial court did not err in denying defendant's motion to suppress, and we affirmed defendant's conviction. *Id.* at 122. The Supreme Court denied review. *State v. Saunders*, 345 Or 416, 197 P3d 1105 (2008).

In this post-conviction proceeding, petitioner sought a new criminal trial. *See* ORS 138.530(1)(a) (post-conviction

relief for a substantial denial of constitutional rights). He argued that, among other things, because his defense attorney had failed to renew his objection to the evidence at trial, his attorney had failed to provide adequate assistance of counsel in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. After being denied post-conviction relief, he renews that argument and others on appeal. We reject those other arguments without discussion.

As to the adequacy of counsel, it suffices to recall that, "if counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution * * *." *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981); *see also Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Having already objected to the challenged evidence before trial, petitioner's defense attorney was within the range of reasonable skill and judgment in this case, when relying on the objection and the record already made. He reasonably could have believed that the issue was already preserved for appellate review, as indeed it was, although the issue was ultimately assessed against a somewhat different record. The failure to renew the objection at trial becomes a question in hindsight, sharpened with the knowledge of the revised test for "compelling circumstances" that the Supreme Court articulated long after trial in this case. *Shaff*, 343 Or 639. We cannot conclude that a reasonable defense attorney must have renewed the objection under the circumstances as they existed at the time of trial. Therefore, we affirm; petitioner was not denied constitutionally adequate assistance of counsel.

Affirmed.